IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JENNIFER M. KING,

        Plaintiff,

vs.                                                  CIVIL NO. 10-828 JH/LFG

MARK BENFORD,
in his individual capacity,

        Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ALLOW DISCOVERY

THIS MATTER is before the Court on Plaintiff Jennifer M. King's ("King") motion to engage in limited discovery [Doc. 27] and her attorney's Fed. R. Civ. P. 56(d) affidavit [Doc. 27, Ex. A].

Subsequent to the filing of King's motion, Defendant Mark Benford ("Benford") sought and obtained an extension of time from King within which to respond to her request for limited discovery [Doc. 31]. Thereafter, Benford withdrew his opposition to King's request for limited discovery, and the parties submitted a proposed order to the Court that would authorize limited discovery.

The parties' proposed order noted that it would not render moot King's pending objections [Doc. 28] to the undersigned Magistrate Judge's earlier order staying all discovery [Doc. 26.] The Court declines to use the parties' proposed order and instead, issues this order. It is unclear why King proceeds with her objections based both on the parties' agreement to move forward with limited discovery and the clear state of the law on this issue. King should either object to the

Court's earlier order staying discovery or, alternatively, engage in the discovery plan agreed upon by the parties, but King cannot do both.

As stated in the Court's earlier Order [Doc. 26, p. 4], King's reliance on an out-of-district decision, Rome v. Romero, 225 F.R.D. 640 (D. Colo. 2004) and an unpublished opinion, Vaughn v. Rhea, No. CIVA04CV01002MSKCBS, 2006 WL 994458 (D. Colo. Apr. 13, 2006) (unpublished) is unavailing. Those non-binding decision do not represent the current state of the law. They predate the controlling decision by the United States Supreme Court in Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1953 (2009) ("The basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'") (internal citation omitted). The Colorado federal district court decisions are neither controlling nor persuasive. [*See* Doc. 26 for additional discussion of Iqbal and its controlling status.]

## Current Request for Limited Discovery

Subsequent to the Court's Order staying discovery, and in accord with the requirements set out in Ben Ezra, Weinstein & Co. v. American Online, Inc., 206 F.3d 980, 987 (10th Cir.), *cert. denied*, 531 U.S. 824 (2000), King sought to engage in limited discovery and submitted the 56(f) Affidavit of Matthew L. Garcia. [Doc. 27.] Ben Ezra instructs that it is insufficient for a party seeking limited discovery to merely argue that the opposing party's motion for summary judgment is premature or that limited discovery is necessary to address the issue of qualified immunity. Rather, Ben Ezra teaches that a party must specifically state what discovery is sought, and, more importantly, how that discovery will assist a party in overcoming defendant's *prima facie* showing of entitlement to judgment.

A review of the 56(f) Affidavit of Matthew L. Garcia indicates that King seeks to engage in broad-based discovery on the merits of the case. For example, in paragraph 5 of the Affidavit,

Garcia states, "Ms. King will need discovery to ascertain Mr. Benford's role in gathering and compiling the information the personal information included in the false criminal complaint he filed against Ms. King and when such information was obtained." [Doc. 27, Ex. A, ¶ 5].

Paragraph 6 provides that: "Ms. King also seeks discovery addressing whether Mr. Benford verified the personal information included in the complaint he filed against Ms. King and whether he typically verified such information during his tenure as an assistant district attorney." [Doc. 27, Ex. A, ¶ 6]. Paragraphs 7 and 9 of the affidavit further state: "Ms. King seeks discovery as to the Defendant's purpose in verifying under oath the allegations of a criminal complaint, and his understanding of what he understood his sworn statement to signify." [Doc. 27, Ex. A, ¶ 7]. "Ms. King also seeks discovery to address the Defendant's claim of qualified immunity." [Doc. 27, Ex. A, ¶ 9].

In addition, King asserts that "[i]n order to show that Mr. Benford's actions were not objectively reasonable in this case, Ms. King will need discovery that (1) illuminates the defendant's knowledge during the events at issue in this case; (2) provides a complete picture of the investigative steps taken into the complaint he filed against Ms. King; and (3) discloses the rationale regarding Mr. Benford's decision to identify Ms. King as the target of a criminal investigation." [Doc. 27, Ex. A, ¶ 10]. "Ms. King seeks discovery regarding the knowledge Mr. Benford had when he falsely represented under oath that the information he presented to the court was factually accurate." [Doc. 27, Ex. A, ¶ 11].

King also seeks Benford's deposition, the deposition of Ms. Sabrina Garcia (Benford's assistant), answers to Interrogatory Nos. 2-3 and 7-12, and responses to the entire set of King's First Requests for Production, before she believes she can respond to the summary judgment motion.

A review of the information sought by King demonstrates that King's intent is to obtain discovery far in excess of what is needed to respond to Benford's immunity motion. If the Court were to grant such sweeping requests, the very protections afforded individuals entitled to immunity would be lost. However, based on a review of the written discovery sought, the Court will authorize limited discovery, and directs that Benford answer Interrogatory Nos. 2, 3, 7, 8, 9, 10, 11 and 12.

The Court will not authorize the requested depositions nor will it authorize the Requests for Production of Documents. For example, one of the Requests for Production of Documents includes a request for Benford's complete District Attorney's personnel file, copies of any statements made that discuss matters relating to King's complaint, copies of every standard operating procedure, rule, order, instruction, guideline, manual or directive relating to criminal complaints, and so on. Clearly, such a request is sweeping, comprehensive, and goes well beyond the information necessary to respond to the issue of qualified or absolute immunity.

In sum, the Court rejects the proposed order submitted by the parties, and continues the stay of all depositions and all other discovery. The Court authorizes, however, limited written discovery and directs that Benford answer the written Interrogatories as noted above. The answers are to be served within ten days after entry of this Order. Thereafter, King will have until February 22, 2011 to respond to Benford's motion for summary judgment. The standard reply time is authorized.

SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge